**Frank GRAHAM, Plaintiff–Appellant,**

v.

**Correctional Sergeant LEWINSKI, Correctional Officer Piechoki, Correctional Officer Schimley, Attica Correctional Facility, Defendants–Appellees.**

No. 896, Docket 87–2413.

United States Court of Appeals,
Second Circuit.

Argued March 22, 1988.

Decided May 25, 1988.

Thomas I. Sheridan, III, New York City (Richards, O'Neil & Allegaert, of counsel), for plaintiff-appellant.

Martin A. Hotvet, Asst. Atty. Gen. of State of N.Y., Albany, N.Y. (Robert Abrams, Atty. Gen. of State of N.Y., O. Peter Sherwood, Sol. Gen., Peter H. Schiff, Deputy Sol. Gen., of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, and CARDAMONE and PIERCE, Circuit Judges.

FEINBERG, Chief Judge:

Frank Graham, an incarcerated state prisoner, appeals from an order of the United States District Court for the Western District of New York, dismissing his complaint brought under 42 U.S.C. § 1983 and granting summary judgment to defendant correction officers. Appellant contends that the district court erred in granting summary judgment because appellant's papers in the district court raised material issues of fact. For the reasons set forth below, we vacate the judgment of the district court and remand the case for further proceedings.

## I. Background

In August 1986, Graham filed a pro se action under 42 U.S.C. § 1983, alleging that he was an inmate at the Attica Correctional Facility and that a number of officials of the institution had violated his constitutional rights by assaulting him in the prison metal shop, subjecting him to racial slurs and denying him medical care. Attached to the complaint were statements from four inmates supporting some of Graham's claims. In September 1986, the district court dismissed the complaint as against four supervisory officials on the ground that it did not sufficiently allege any claim against those individuals. However, the court did grant Graham leave to file an amended complaint against three other prison employees, Correctional Sergeant Richard J. Lewinski and Officers Michael J. Piechoki and Richard J. Schimley (hereafter, the State or defendants).

In November 1986, Graham filed an amended complaint, accompanied by the same four inmate statements in support of his claims. The amended complaint was on a form, supplied by the district court, to be used by prisoners for § 1983 actions. At the end of the form, directly under the signature line, appeared the legend "I declare under penalty of perjury that the foregoing is true and correct." The complaint again alleged that Graham had been assaulted and removed from the metal shop with undue force by defendants on October 2, 1985, that plaintiff was denied medical care for injuries sustained during the incident and that he was subjected to racial slurs by defendants. In December 1986, the district court dismissed the claim based on racial slurs on the ground that it did not rise to the level of a constitutional violation. However, the court found the remaining two claims of assault and denial of medical care sufficient to state a section 1983 claim.

In February 1987, following receipt of the State's answer, the court directed it to file a motion for summary judgment in order to try to narrow the issues in the case. In March 1987, the State complied with the court's order and supported its motion for summary judgment with affidavits from the named defendants and the Assistant Attorney General for the State of New York assigned to the case.

In May 1987, the district court extended plaintiff's time to respond to the State's motion. Thereafter, however, plaintiff did not submit any additional papers. In September 1987, the district court granted the State's summary judgment motion because defendants' affidavits in support of the motion were "uncontradicted." This appeal followed.

## II.

In this court, the case now rests in an unusual posture. We appointed counsel for appellant, who thereafter argued in his brief that the district court erred in finding that defendants' affidavits were uncontradicted because it had failed to consider plaintiff's amended complaint, which had the force of an affidavit under 28 U.S.C. § 1746.[1] Therefore, according to appellant's counsel, even though Graham acting pro se had failed to submit further papers after the district court's May 1987 order, the court could not properly hold that there were no issues of fact because the papers already filed by Graham created such issues.

In a surprising response, the State submitted a letter advising us that it did not intend to file a brief. However, the letter noted that the record did "not show that plaintiff received notice of the requirements of the summary judgment rule." Accordingly, the State suggested that "the interests of justice" would be served by vacating the judgment of the district court and remanding the matter so that plaintiff could receive "fair notice" of the summary judgment requirements before the district court acted upon the State's motion for that relief.

In an even more surprising rejoinder, counsel for Graham vigorously opposed this suggested disposition of the appeal, characterizing it as an attempt to "sweep this mess under the rug." Apparently, counsel believed that the State's proposal was a ploy designed to eliminate the possi-

1. Section 1746 provides as follows:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

\* \* \* \* \* \*

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

bility of an opinion that might create a favorable precedent available to all inmates. Counsel asks us instead to establish a rule that, because of 28 U.S.C. § 1746, a prisoner's complaint on the form routinely distributed in the Western District has the effect of an affidavit for purposes of a summary judgment motion brought by the State.

We admire both the zeal of counsel appointed for Graham and the candor of counsel for the State. Appellant contends that there is authority for according the amended complaint the force of an affidavit because it was incorporated by reference into a form used by prisoners which was signed, dated and declared to be true under the penalties of perjury. *Pfeil v. Rogers,* 757 F.2d 850, 859 (7th Cir.1985), cert. denied, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986). The State points out in its letter that whether the complaint constituted an affidavit for purposes of Rule 56(e) is an open question, citing *Murrell v. Bennett,* 615 F.2d 306, 310 n. 5 (5th Cir.1980).

However, the issue thus joined does not seem to us to be very significant in this case. The more important issue, as we see it and as the State commendably pointed out, is whether summary judgment should be granted against a pro se litigant who does not know that he is expected to respond to such a motion or else suffer a judgment against him. We agree with the State that the answer to that question, in all fairness, should be no. As the 7th Circuit has put it

> The lack of explicit notice would not be troubling if it were obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.... It would not be realistic to impute to a prison inmate ... an instinctual awareness that the purpose of a motion for summary judgment is to head off a full-

scale trial ... so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial.

*Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982). Other circuits agree. See *Griffith v. Wainwright,* 772 F.2d 822, 825 n. 6 (11th Cir.1985); *Barker v. Norman,* 651 F.2d 1107, 1128–29 & n. 26 (5th Cir.1981); *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975); *Hudson v. Hardy,* 412 F.2d 1091 (D.C.Cir.1968). It is true that litigants should be on notice from the very publication of Rule 56(e) that a party faced with a summary judgment motion "may not rest upon the mere allegations or denials" of the party's pleading and that if the party does not respond properly, "summary judgment, if appropriate, shall be entered" against him. It is also true that the local rules of the district courts in the circuit, including those of the United States District Court for the Western District of New York, provide notice that action is called for in response to a motion for summary judgment.[2] But, it does seem inequitable, without a more explicit warning, to expect an incarcerated pro se to know that in response to the State's motion for summary judgment he cannot rely upon the papers already filed. This court has recently stated that special solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment. *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir.1988). See also *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 767 (2d Cir.1983) (court must give pro se "fair notice of the requirements of the summary judgment rule when it treats a motion to dismiss as a motion for summary judgment.") Pro se prisoners are, of course, entitled to at least the same solicitude. *Maggette v. Dalsheim,* 709 F.2d 800, 802 (2d Cir.1983).

Turning to the proper procedure on remand, there is no doubt that the requirements of Rule 56(e) and the local rules serve to create an orderly procedure for the abundant prisoner summary judgment

---

**2.** At the time that Graham filed his complaint, the Western District did not have such a rule, but it does now.

motion practice in the district courts of this circuit. The usefulness of these procedures is evident from the record of this case. For example, Graham's amended complaint is devoid of specific facts on his claim of denial of medical care, so that a further affidavit as to that is necessary in any event to prevent summary judgment against him. And it will do no harm, and probably be beneficial, if appellant has to consider what is still actually in dispute with regard to the machine shop incident, and file a new and sharply-focused affidavit. The State has represented to us that in the future, whenever it moves for summary judgment in a suit in which the opposing party is an incarcerated pro se litigant, it will include an easily comprehensible notice of the possible consequences of not replying. We regard that as a sensible course to follow.

The judgment of the district court is vacated and the case is remanded for proceedings consistent with this opinion. We assume plaintiff's able appointed counsel will continue to represent him in the district court.