Brian GITTENS, Plaintiff,

v.

James E. SULLIVAN, Superintendent, Sing Sing Correctional Facility, T. Haskell, Captain, Sing Sing Correctional Facility, and R. Cote, Administrative Employee, Sing Sing Correctional Facility, Defendants.

No. 88 Civ. 2361 (JES).

United States District Court,
S.D. New York.

Sept. 19, 1989.

---

Brian Gittens, Ossining, N.Y., pro se.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for defendants; Gerald Slotnick, Asst. Atty. Gen., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Brian Gittens, prisoner *pro se* brings this action pursuant to 42 U.S.C. § 1983 (1982) alleging that his prison disciplinary hearing, held at Sing Sing Correctional Facility ("SSCF"), was conducted in violation of his Eighth and Fourteenth Amendment rights. Defendants have moved to dismiss the action on the following grounds: failure to state a claim upon which relief can be granted; the doctrine of qualified immunity; and the doctrine of sovereign immunity under the Eleventh Amendment. In addition, defendant Sullivan has moved to dismiss on the ground that plaintiff has failed to allege that he was personally involved in the acts of which plaintiff complains. Plaintiff has cross-moved for summary judgment. For the reasons that follow,

defendants' motion is granted in part and denied in part, and plaintiff's cross-motion is denied without prejudice.

## FACTS

The following facts are undisputed.

On October 11, 1987, plaintiff was confined in the Special Housing Unit at SSCF for assaulting another inmate. On October 23, 1987, Captain Haskell presided over a disciplinary hearing on the assault charge. At the hearing, Officer Jackson, the investigating officer, testified that confidential informants had named the plaintiff and another inmate, R. Fludd, as the perpetrators of the assault. Plaintiff's request that the confidential informants be called to testify was denied by Haskell on the ground that revealing their identities might jeopardize their availability at a later criminal proceeding. Following the hearing, Haskell found plaintiff guilty of the assault. *See* Amended Complaint ("Amd.Comp.") at ¶ 3. On December 28, 1987, Haskell's decision was reversed and remanded for a rehearing based on Haskell's failure to independently evaluate the confidential information, and on his failure to determine whether there was substantial evidence to support the charges. *See* Amd.Comp. at ¶ 5.

Plaintiff's rehearing was held on January 7, 1988, with defendant Cote presiding. *See* Amended Complaint at ¶ 6. At the hearing, plaintiff requested that Cote call Officer Jackson as a witness. Cote refused this request on the ground that he knew what the substance of Jackson's testimony would be because he had previously heard the same testimony at Fludd's hearing. *See id.* at ¶ 7. Plaintiff now alleges that procedural defects in his two hearings constitute violations of his right to due process under the Fourteenth Amendment, and that his subsequent detention constitutes cruel and unusual punishment.

## DISCUSSION

### I. DUE PROCESS CLAIMS

Defendants first argue that plaintiff has failed to state a cause of action under section 1983, because a violation of state procedural requirements does not constitute a federal constitutional claim. While it is true that a violation of state procedural requirements is insufficient to state a claim under section 1983, *see Bolden v. Alston*, 810 F.2d 353 (2d Cir.), *cert. denied*, 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987), here plaintiff alleges that the defendants also violated the procedural requirements of the Fourteenth Amendment under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ In order to comply with the minimum requirements of due process in connection with a prison disciplinary proceeding, the state must afford a prisoner: (1) written notice of the charges against him at least twenty-four hours before his hearing; (2) the opportunity to call witnesses, assuming that permitting him to do so will not jeopardize institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action taken. *See id.*, 418 U.S. at 563–67, 94 S.Ct. at 2978–80. In addition, some courts have held that where the hearing officer relies solely on information from a confidential informant in making his determination, either directly or through the hearsay testimony of a corrections officer, the hearing officer must make an effort to establish the reliability of that information on the record. *See Kyle v. Hanberry*, 677 F.2d 1386, 1392 (11th Cir.1982); *Wolfe v. Carlson*, 583 F.Supp. 977, 981–82 (S.D.N.Y. 1984); *see also Helms v. Hewitt*, 655 F.2d 487, 502 (3d Cir.1981), *rev'd on other grounds*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

Here, it is undisputed that plaintiff properly received his misbehavior report at least twenty-four hours before the hearing and that it set forth the specifics of the charge against him. *See* Amd.Comp. at ¶¶ 2–3. Thus, plaintiff's claims can only rest on his alleged inability to call witnesses and upon defendant's failure to properly evaluate the information provided by the

confidential informant.[1]

## A. Failure to Call Witnesses

■ Plaintiff alleges that at his first hearing defendant Haskell violated the requirements of *Wolff* by failing to call the confidential informant as a witness. This claim lacks merit, where, as here, defendant Haskell articulated a basis for failing to call the witness, *i.e.*, jeopardizing the availability of the witness at a later criminal trial.

■ However, plaintiff also alleges that at his second hearing Officer Cote failed to call Officer Jackson as a witness in violation of *Wolff*. The state has offered no explanation for this failure, and the refusal to call Jackson as a witness does not appear to be justified by either institutional safety or correctional goals. It follows that affording plaintiff the benefit of all reasonable inferences drawn from his complaint, as this Court must, plaintiff states a claim under section 1983.[2]

## B. Failure to Properly Evaluate Confidential Information

■ Responding to *Wolff's* admonition that prison disciplinary proceedings should not be conducted in an arbitrary manner, the Eleventh and Third Circuits have held that hearing officers may only rely upon information from a confidential informant, or the hearsay testimony of a corrections officer, where an independent effort to establish the reliability of that information is undertaken. *See Kyle, supra,* 677 F.2d at 1390–91; *Helms, supra,* 655 F.2d at 502–03. Although the Second Circuit has not yet addressed this issue, this Court is persuaded by the reasoning of *Kyle* and

*Helms* that the policy considerations underlying *Wolfe* require an independent evaluation of a confidential informant's allegations in order to avoid arbitrary determinations.[3]

Here defendants have not, as yet, rebutted plaintiff's claim that no such evaluation was undertaken in either of plaintiff's hearings. Thus, for the reasons stated above, the Court finds that plaintiff has stated a claim upon which relief can be granted.

## II. QUALIFIED IMMUNITY

However, it does not follow that merely because plaintiff has stated a cause of action he can sue the officers involved. Qualified immunity protects government officials from liability as long as their actions are discretionary in nature and do not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This standard is an objective one, and is designed to protect defendants from being subjected to the burdens of a trial or even discovery absent an allegation that they have violated a clearly established constitutional right.

■ The explicit requirements of *Wolff* are clearly established constitutional rights. Thus, defendant Cote may not avail himself of the doctrine of qualified immunity with respect to his failure to call Officer Jackson as a witness at plaintiff's second hearing. However, plaintiff's allegation that defendants failed to independently evaluate the information provided by the confidential informants, while supported by some case authority, is not clearly established in this circuit or by decisions

---

1. Plaintiff also claims that because Cote was present at R. Fludd's hearing as well, he was not an unbiased hearing officer. Since the bias of a hearing officer may under some circumstances rise to the level of a due process violation, *see Powell v. Ward,* 392 F.Supp. 628 (S.D.N.Y.1975), *modified,* 542 F.2d 101 (2d Cir.1976), and defendants have presented no evidence to rebut this allegation, the Court is constrained on a motion to dismiss to accept that allegation as true.

2. The only justification the state has offered in this regard is Cote's belief that because Jackson

had already revealed the confidential information to him in another hearing, there was no need to call him as a witness. *See* Defendants' Memorandum ("Def.Mem.") at 3. This explanation is inadequate to satisfy the *Wolff* standard.

3. Plaintiff's first hearing determination was in fact remanded in part because no such evaluation was undertaken. Thus, it appears that the Department of Corrections also requires such an evaluation.

of the Supreme Court. Thus, at the time of plaintiff's two hearings, a reasonable person could not have been expected to know of it. Therefore, defendant Haskell is entitled to rely upon the defense of qualified immunity and the complaint against him must be dismissed on that ground. Similarly, to the extent plaintiff alleges that same claim against defendants Cote and Sullivan, that claim must be dismissed on the ground of qualified immunity.

## III. LACK OF PERSONAL INVOLVEMENT

■ Defendant Sullivan also contends that because he was not personally involved in the hearings, the complaint against him for negligent training and supervision must be dismissed. While an action under section 1983 requires some showing of personal involvement by each defendant, *see Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973), if the defendant had actual or constructive knowledge of previous constitutional violations by his subordinates and failed to curb them, plaintiff is entitled to bring a claim under section 1983 for negligent training and supervision. *See Williams v. Smith,* 781 F.2d 319 (2d Cir.1986).

Defendants have failed to rebut plaintiff's allegation that defendant Sullivan was aware that Captain Haskell had failed to properly evaluate the information provided by the confidential informant at plaintiff's first hearing, but did nothing to prevent similar violations in his second hearing. However, his knowledge of that alleged violation cannot suffice to make him personally liable since the right allegedly violated was not clearly established. Moreover, plaintiff has failed to allege that Sullivan had any knowledge of defendant Cote's failure to call Officer Jackson as a witness at his second hearing. Nor has plaintiff alleged that Sullivan had knowledge of any previous such failures by Cote or any other hearing officer.[4] Thus, defen-

dant Sullivan cannot be held personally responsible for defendant Cote's actions, and the complaint against him must, therefore, be dismissed.

## IV. ELEVENTH AMENDMENT IMMUNITY

■ Defendants also argue that since they were acting in their official capacities, they are immune from a suit for damages under the Eleventh Amendment. *See Minotti v. Lensink,* 798 F.2d 607 (2d Cir. 1986), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987). While it is true that claims asserted against defendants in their official capacities are barred by the Eleventh Amendment, where, as here, a defendant is sued in his personal capacity as well, he loses the protection of the Eleventh Amendment and may be held personally liable for damages. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101–02, 104 S.Ct. 900, 908–09, 79 L.Ed.2d 67 (1984). Thus, to the extent plaintiff has sued defendants in their official capacity and seeks to collect damages from the state, his claims are barred. However, to the extent plaintiff has sued the officials personally, defendants are not entitled to the protection of the Eleventh Amendment.

## CONCLUSION

In sum, while plaintiff does state a cause of action under section 1983, his claim for failure to evaluate the information provided by the confidential informants must be dismissed against all defendants on the ground of qualified immunity. Because this is the only viable claim against defendant Haskell the complaint must be dismissed as against him. With respect to defendant Cote that claim must be dismissed, but plaintiff retains a claim against Cote for his failure to call Officer Jackson as a witness, and for allegedly being a biased hearing officer. With respect to defendant Sullivan, plaintiff's claim for failure to evaluate confidential information must be

---

**4.** Similarly, plaintiff does not allege that Sullivan was aware that Cote was a biased hear-

ing officer. *See supra,* note 1.

dismissed on the ground of qualified immunity. In addition, plaintiff has failed to allege that Sullivan was personally involved in the violation of any clearly established constitutional rights. Therefore, the complaint must be dismissed as against him on that ground as well.

For all the above reasons, defendants' motion to dismiss is granted in part and denied in part. In addition, plaintiff's motion for summary judgment is denied without prejudice to being renewed after completion of discovery. The clerk is directed to dismiss the complaint against defendants Haskell and Sullivan, and to dismiss plaintiff's claim for failure to evaluate the information provided by the confidential informant as against defendant Cote. All parties will appear for a Pre–Trial Conference on November 3, 1989 at 10:30 A.M.

It is SO ORDERED.