**Jerome RUSSELL, Plaintiff,**

v.

**Thomas A. COUGHLIN, III, Donald Selsky, Charles J. Scully, J.A. Dempskie, C. Artuz, Wilbur Wright, William McGinniss, L. Carey and Bobbie Jo LaBoy, jointly, severally and individually, respectively, Defendants.**

**No. 90 Civ. 1473 (RWS).**

United States District Court, S.D. New York.

Dec. 31, 1991.

Jerome Russell, pro se.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for defendants; Martha O. Shoemaker, Asst. Atty. Gen. of counsel.

## OPINION

SWEET, District Judge.

Defendants Christopher Artuz ("Artuz") and Captain Wilbur Wright ("Captain Wright") have moved pursuant to Rule 3(j) of the Local Rules for the Southern District of New York for reargument of this

court's opinion and order of September 25, 1991, *Russell v. Coughlin,* 774 F.Supp. 189 (S.D.N.Y.1991) (the "Opinion"), denying as to them the motion made by them and various other defendants (collectively the "Defendants") for summary judgment dismissing the complaint of *pro se* plaintiff Jerome Russell ("Russell"), and, upon reargument, for an order granting them summary judgment. For the following reasons, the motion for reargument is granted.[1] Upon reargument, Artuz's motion for summary judgment is granted. Captain Wright's motion for summary judgment is granted in part and denied in part.

### The Parties

Russell is presently incarcerated at Green Haven Correctional Facility ("Green Haven").

Defendant Artuz is the First Deputy Superintendent at Green Haven.

Defendant Captain Wright is a Captain at Green Haven.

### Facts and Prior Proceedings

The facts underlying the present motion are discussed in detail in the Opinion, familiarity with which is assumed. In brief, pursuant to 42 U.S.C. § 1983, in his Amended Complaint, Russell charged Captain Wright, Artuz, and their co-defendants Coughlin, Selsky, Scully, Demskie, McGinnis, Carey and LaBoy with due process violations in his Tier III hearings. Pursuant to the Opinion, the court granted summary judgment dismissing the claims against all of the Defendants except for Artuz, Wright and Carey.[2]

Artuz and Wright filed the present motion on October 16, 1991. The matter was taken on submission and considered fully submitted as of November 7, 1991.

### Discussion

#### 1. Motion for Reargument

■ To be entitled to reargument under Local Rule 3(j), the moving party must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion. *Ashley Meadows Farm, Inc. v. Am. Horse Shows Ass'n,* 624 F.Supp. 856, 857 (S.D.N.Y.1985).

■ Artuz argues that in declining to dispose of the claims against him on the ground that he did not participate in the motion for summary judgment, Opinion at 191 n. 2, the court overlooked the fact that Artuz was in fact a party to the motion. Indeed, reinspection of the signature page of the Notice of Motion establishes that Artuz did join in the motion, although his participation was obscured by the absence of any reference to him as a moving party elsewhere in the documents. *See, e.g.,* Def. Memo. at 1 ("Defendants Thomas A. Coughlin III, Donald Selsky, Charles J. Scully, Joseph A. Demskie, Wilbur Wright, Michael McGinnis and Bobbie Jo LaBoy submit this memorandum of law in support of their motion for summary judgment. . . ."). Thus, Artuz's motion for reargument is granted.

Wright claims that he is entitled to reargument because, in declining to grant defendants' summary judgment motion as unopposed, the court overlooked the Second Circuit case of *Graham v. Lewinski,* 848 F.2d 342 (2d Cir.1988), and because the court erroneously concluded that Wright was not entitled to qualified immunity.

In *Graham,* the *pro se* plaintiff bringing a § 1983 action against prison officials, failed, as did Russell here, to submit any papers in opposition to the defendants' summary judgment motion. *Id.* at 343. The district court granted the motion because defendants' affidavits in support of the motion were "uncontradicted." *Id.*

Presented with the issue of whether summary judgment should be granted against a *pro se* litigant who does not know that he is expected to respond to a sum-

---

1. Russell's contention that the motion for reargument must be denied as untimely is without merit. On October 7, 1991, this court granted the defendants' application for an extension of time to file the motion until October 16, 1991, the date upon which they did indeed file.

2. The claims against Carey were not dismissed as it appeared at the time the Opinion was written that he had not been served with either the original or Amended Complaint.

mary judgment motion or else risk suffering a judgment against him, the Second Circuit found that:

> it does seem inequitable, without a more explicit warning, to expect an incarcerated pro se to know that in response to the State's motion for summary judgment he cannot rely upon the papers already filed. This court has recently stated that special solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988).... Pro se prisoners are, of course, entitled to at least the same solicitude....
>
> .... The state has represented to us that in the future, whenever it moves for summary judgment in a suit in which the opposing party is an incarcerated pro se litigant, it will include an easily comprehensible notice of the possible consequences of not replying.

*Id.* at 344–45 (emphasis added). Artuz and Captain Wright properly point out that their motion papers contained an admonition consistent with *Graham* and thus that Russell had fair warning of the need to make further submissions.

■ Artuz and Wright are incorrect, however, in their contention that *Graham,* or any other rule cited by Defendants, warrants the automatic grant of their summary judgment motion on the ground that Russell failed to contest the motion or the facts set forth in their 3(g) statement and supporting affidavits. Rule 3(g) provides in relevant part that:

> All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party.

Rule 56(e) provides in relevant part that:

> an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment *if appropriate,* shall be entered against him.

Fed.R.Civ.P. 56(e) (emphasis added). These rules thus establish that, in the absence of opposition, all of the facts set forth in the 3(g) statement of the party moving for summary judgment must be deemed admitted. The court must then determine whether those facts are sufficient to warrant the grant of summary judgment. *Schneider v. OG & C Corp.,* 684 F.Supp. 1269, 1270–71 (S.D.N.Y.1988). *Graham* holds that the consequences of failing to submit opposition apply equally against a *pro se* plaintiff on notice of the rules. Thus, upon reargument, consistent with *Graham,* Rule 3(g) and Fed.R.Civ.P. 56(e), the facts asserted in the Defendants' uncontested 3(g) statement and affidavits will be treated as admitted.

2. *Summary Judgment*

The Second Circuit has recently written that:

> [s]ummary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "As a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party."

*Bay v. Times Mirror Magazines, Inc.,* 936 F.2d 112, 116 (2d Cir.1991) (citations omitted). As is often stated, "[v]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991); *see also Bay,* 936 F.2d at 116.

### A. Artuz

■ Russell's Amended Complaint charges that Artuz "designated the defendant WRIGHT as the Hearing Officer ['HO']", Amended Comp. ¶ 3; "designated the defendant McGinnis as the HO", *id.* ¶ 8; and conspired with the other Defendants in

their alleged violations of Russell's constitutional rights.

To state a claim under 42 U.S.C. § 1983, a plaintiff must prove that, acting under color of state law, the defendant acted with deliberate indifference to deprive him of due process of law. *See Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). Moreover, the plaintiff must prove that the individual defendant charged was personally involved in the wrongful conduct that deprived him of his constitutional rights. *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir.1987). Supervisory personnel may be held accountable for the constitutional violations of their subordinates only upon proof that they (1) were directly involved in the wrongdoing; (2) failed to remedy a wrong after learning of it through report or appeal; (3) created or allowed a policy under which the violation occurred; or (4) were grossly negligent in managing the subordinates who caused the wrongdoing. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986).

Accepting the facts contained in Defendants' affidavits supporting their motion for summary judgment as true, the claims against Artuz must be dismissed because Russell has failed to establish personal involvement by Artuz. *See* Eggers Aff. ¶ 6 (Captains Wright and McGinnis were assigned to act as hearing officers by Tier III office). Moreover, even if Artuz did designate Captains Wright and McGinnis as hearing officers, Russell has presented no facts establishing that he was in any way involved in or aware of any wrongful conduct by Wright or that he was aware that McGinnis had previous involvement in Russell's case. Mere negligence does not constitute a constitutional injury. *See Davidson*, 474 U.S. at 347, 106 S.Ct. at 670. Finally, the joint and several liability claim against Artuz cannot withstand Artuz's summary judgment motion because Russell has not raised facts indicating that Artuz participated in any meaningful respect in the actions of the others. For these reasons, Artuz's motion for summary judgment is granted.

### B. Wright

This court originally denied Captain Wright's motion for summary judgment because it found that genuine issues of fact existed as to (1) his failure to provide on the record an explanation for refusing to call two corrections officers as witnesses requested by Russell at his first Tier III hearing and (2) his failure to conduct an independent assessment of the credibility of three confidential informants who provided information upon which he relied in finding Russell guilty.

█ With respect to the first issue, Defendants' 3(g) statement provides that:

Captain Wright refused to call inmates Fisher and Chavez, despite plaintiff's request, since plaintiff had stated on the record that Fisher's testimony would merely be cumulative and that Chavez's testimony had no probative value.... Captain Wright discussed with plaintiff off the record his request that the two correction officers be called as witnesses, and they agreed that their testimony was not necessary.

Def. 3(g) Statement ¶ 5; *see also* Wright Aff. ¶ 7.

Treating Wright's explanation for his exclusion of these witness as true in the absence of any contest by Russell, Wright has provided a logical reason for his decision, leaving no genuine issue for trial as to this fact. *See Ponte v. Real*, 471 U.S. 491, 497, 105 S.Ct. 2192, 2196, 85 L.Ed.2d 553 (1985) (prison officials must explain denial of request for witnesses either as part of written record of disciplinary proceedings or when hearing is challenged). Therefore, summary judgment is granted dismissing this claim against Captain Wright.

█ Nevertheless, even accepting all of the facts in Defendants' 3(g) statement as true, a genuine issue for trial remains with respect to Wright's failure to assess independently the credibility of the confidential informants and the reliability of their information. The Defendants' 3(g) statement provides that:

The final witness was Sergeant LaBoy, who testified in plaintiff's presence that

she investigated the alleged assault upon inmate Monroe and was given information by three confidential sources who identified plaintiff as one of the participants in the incident.... Sergeant La-Boy stated that she had dealt with one of the informants for nine years, one for two years and the other for one year and that she had found all three of the informants to be reliable. She also stated that she believed the informants would be placed in danger of harm if their identities were revealed to plaintiff and others involved in the incident. Captain Wright knew from previous experience that Sergeant LaBoy consistently obtained information from confidential sources that was reliable and credible. Def.'s 3(g) Statement ¶ 4; *see also* Wright Aff. ¶ 6.

Accepting this as a true account of the facts, however, the court must reiterate its original holding that a reasonable jury could find that the procedure followed by Captain Wright did not satisfy the mandates of due process. It was not enough for Captain Wright simply to rely on Sergeant LaBoy's conclusion that the confidential sources were credible and their information reliable; Captain Wright must have ascertained some facts from which he might draw these conclusions for himself. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Kyle v. Hanberry*, 677 F.2d 1386 (11th Cir.1982); *Helms v. Hewitt*, 655 F.2d 487, 502 (3d Cir.1981), *rev'd on other grounds*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Smith v. Rabalais*, 659 F.2d 539, 540–42 (5th Cir.1981), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982); *Vasquez v. Coughlin*, 726 F.Supp. 466, 470–71 (S.D.N.Y.1989); *Gittens v. Sullivan*, 720 F.Supp. 40, 43 (S.D.N.Y.1989); *Wolfe v. Carlson*, 583 F.Supp. 977 (S.D.N.Y.1984). Captain Wright's motion for summary judgment dismissing this claim is thus denied.

■ Captain Wright also argues that the court improperly held that he was not entitled to qualified immunity. This claim is without merit, and the court adheres to its holding that Wright is not qualifiedly immune from damages for his failure to assess the credibility of the confidential informants.

*Conclusion*

For the foregoing reasons, the motion by Artuz and Captain Wright for reargument is granted. Upon reconsideration, Artuz's motion for summary judgment dismissing all of the claims against him in the Amended Complaint is granted. Captain Wright's motion for summary judgment dismissing the claim regarding his failure to call witnesses is granted; summary judgement is denied with respect to the claim that he failed to conduct an independent assessment of the credibility of the confidential informants.

It is so ordered.