996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald GEE, Plaintiff-Appellant,
v.
John DUNCANSON and Wesley Morris, Defendants-Appellees.
 No. 92-3365.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Donald Gee, presently incarcerated in Rawlins, Wyoming, commenced a civil rights action pursuant to 42 U.S.C. § 1983 while housed in Leavenworth County Jail, Leavenworth, Kansas. Appellant alleged that during his incarceration there he was beaten without provocation and suffers painful, permanent injuries. Appellant appeals the order of the United States District Court for the District of Kansas granting Appellees' motion for summary judgment. Appellant's motion for leave to proceed in forma pauperis is granted. We affirm for the reasons stated below.
 
 
 3
 On appeal, Appellant raises two issues: first, whether the district court erroneously refused to sanction Appellee Duncanson and compel him to return to Appellant his legal files that had been previously confiscated; and second, whether the district court erroneously granted Appellees' motion for summary judgment without providing Appellant with notice to respond.
 
 
 4
 On June 28, 1988, Appellee Duncanson, the jail commander, directed officers to secure the cells in the area of the jail in which Appellant was housed for maintenance work. Because Appellant's cell would not lock, Appellant had to move to another cell. Appellant would not comply with the order to move from his cell without packing his legal files to take with him. A forced cell move was commenced by four jail officers. Appellant was removed from the cell, handcuffed and shackled, and placed in a holding cell. At 1:15 p.m., approximately five hours later, Appellant was examined by a prison doctor. He complained of pain in his left wrist, numbness in his hand, pain in his right ankle, shoulder, and neck, and a scratch on his left cheek. The doctor found no indication of trauma requiring x-rays. At approximately 4:00 p.m., while still in isolation, Appellant repeatedly pounded on the walls of his cell and caused the cell to flood.
 
 
 5
 On June 29, 1988, pursuant to a request by Appellant early that morning, Appellant was transported to a hospital for x-rays. The x-rays were negative for fractures, but there was a finding of soft tissue swelling in Appellant's left ankle.
 
 
 6
 In granting Appellees' motion for summary judgment, the district court reviewed the three factors set forth in Sampley v. Ruettgers, 704 F.2d 491 (10th Cir.), for review of excessive force claims: whether the guard intended to harm the prisoner; whether the guard used more force than reasonably necessary to maintain or restore institutional order; and whether the guard's actions caused severe pain or lasting injury to the prisoner. The district court found no evidence that Appellees intended to cause harm and determined that the degree of force was reasonable under the circumstances and was not a malicious or sadistic application of force. Appellees' motion for summary judgment was therefore granted.
 
 
 7
 The first issue we address is whether the district court erred in granting Appellees' motion for summary judgment without providing to Appellant a notice to respond. Appellant cites cases which hold that a district court must give notice to a pro se prisoner of the need to respond to a motion for summary judgment. See, e.g., Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.); Graham v. Lewinski, 848 F.2d 342 (2d Cir.). This is not, however, the rule in this circuit. The Tenth Circuit has adopted no special provisions of notice for pro se prisoners, and adheres to the provisions of Fed.R.Civ.P. 56(e) without embellishment.
 
 
 8
 Appellant's remaining issue, whether the district court erred in refusing to sanction or compel Appellee Duncanson for failure to return his full legal files, is rendered moot by our disposition of the above issue. After Appellees filed their motion for summary judgment, Appellant filed a request for an emergency order to compel Appellee Duncanson to return the legal files that Appellant had left in the Leavenworth County Jail upon his transfer to the Wyoming prison. Appellees responded by informing Appellant and the district court that arrangements had been made to transfer the files, and the files were subsequently received by Appellant in Wyoming. Appellant later contended that some of the documents were missing from the files, and that two entire boxes had not been shipped to him. Appellant argues that he was unable to prosecute his claim without the missing materials.
 
 
 9
 Because the district court granted Appellees' motion for summary judgment and dismissed the matter, Appellant's ability to litigate his claims is academic. Appellant has never contended that the allegedly missing files were necessary to respond to the summary judgment motion, and indeed never responded in any way to that motion, although it was pending for over eight months. We find that the district court did not err in declining to sanction or compel Appellee Duncanson to return the ostensibly missing files.
 
 
 10
 Accordingly, the order of the District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3