11-4242-pr
Jamison v. Metz, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand thirteen.

PRESENT:

DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,

    *Circuit Judges.*

_____

CHRISTOPHER JAMISON,

    *Plaintiff-Appellant*,

  -v.-            No. 11-4242-pr

DAVID METZ, BRIAN DAVIS, TIM MACDERMONT, KEVIN WALSH,

    *Defendants-Appellees.*

_____

    JASON D. ANGELO, Rule 46.1(e) Law Student, WILLIAM D. FINDLAY, Rule 46.1(e) Law Student (AMANDA S. GROSSI, Rule 46.1(e) Law Student, *on the brief*), JONATHAN ROMBERG, *of counsel*, Center for Social Justice, Seton Hall University School of Law, Newark, New Jersey, *for Plaintiff-Appellant*.

JOSEPH ROBERT HARRIS DOYLE, Assistant Corporation Counsel, *on behalf of* MARY ANNE DOHERTY, City of Syracuse, Corporation Counsel, Syracuse, New York, *for Defendants-Appellees David Metz, Brian Davis, and Tim MacDermont*.

GORDON J. CUFFY, Onondaga County Attorney, CAROL L. RHINEHART, Deputy County Attorney, Onondaga County Law Department, Syracuse, New York, *for Defendant-Appellee Kevin Walsh*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Proceeding *pro se*, Plaintiff-Appellant Christopher Jamison ("Jamison") filed suit pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of New York (Suddaby, *J.*), alleging: (1) that Defendants-Appellees Brian Davis, David Metz, and Tim MacDerment (collectively the "City Defendants") used unreasonable force in the course of arresting Jamison in violation of Jamison's Fourth Amendment rights;[1] (2) that the City Defendants' use of force constituted an unjustified assault and battery under New York law; and (3) that Defendant-Appellee Kevin Walsh's ("Walsh") deliberate indifference to Jamison's serious medical needs violated Jamison's Fourteenth Amendment Due Process rights.[2] Now represented by counsel, Jamison appeals from a judgment of the district court, entered September 15, 2011, granting

---

[1]Though Jamison's *pro se* complaint alleges a violation of his Eighth Amendment rights in connection with the City Defendants' use of force, the district court properly construed this as a Fourth Amendment claim. *See Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010).

[2]Though Jamison's *pro se* complaint alleges that Walsh violated his Eighth Amendment rights, the district court properly construed this as a Fourteenth Amendment Due Process claim. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

defendants' motions for summary judgment on all claims. Jamison argues: (1) that the district court erred in granting summary judgment on the Fourth Amendment and assault and battery claims because it failed to consider record evidence submitted by Jamison evincing genuine disputes of material fact; and (2) that he should be permitted "to clarify the factual and legal bases for his deliberate indifference claim" on remand with the assistance of appointed counsel, Appellant's Br. at 56. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

* * *

We review a district court's grant of summary judgment *de novo*, "drawing all factual inferences in favor of the non-moving party." *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). A defendant is entitled to summary judgment where "the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (internal citation and quotation marks omitted).

1. *Claims against Officer MacDerment*

The district court granted summary judgment to Syracuse Police Officer MacDerment on the Fourth Amendment and assault and battery claims because it found that Jamison had adduced no evidence showing that Officer MacDerment fired on (or otherwise used force against) Jamison. Jamison does not specifically challenge this finding on appeal. On an independent review of the

3

record, we agree with the district court that Jamison has adduced no evidence disputing Officer MacDerment's sworn statement that, after Officer Davis disabled Jamison's SUV and Jamison took flight on foot, Officer MacDerment secured the abandoned SUV, did not pursue Jamison, and did not fire on Jamison. Accordingly, we affirm the district court's grant of summary judgment in favor of Officer MacDerment on both the Fourth Amendment and assault and battery claims.

2. *Claims against Officers Davis and Metz*

Jamison alleges that Syracuse Police Officers Davis and Metz violated his constitutional rights and committed assault and battery under New York law when they shot at him multiple times, causing injury, as he fled following a high-speed car chase. The district court found that the officers had probable cause to believe that Jamison posed a significant threat of death or serious physical harm, that it was objectively reasonable to use deadly force, and that, in the alternative, the officers were entitled to qualified immunity. It based these determinations on what it found to be the undisputed material facts, including that Jamison had struck Officer MacDerment with his car, fired on the officers, and refused to comply with the officers' orders to drop his gun and stop running. Jamison contends that his verified complaint and the sworn witness affidavit of Christopher Brown attached to his complaint were properly before the district court and create genuine issues of material fact that preclude summary judgment.[3] Jamison contends that, under his version of the facts, it would have been clear to a reasonable officer in defendants' situation that the use of deadly force was unlawful. We agree and vacate the district court's award of summary judgment in favor of Officers Davis and Metz on the Fourth Amendment and state law battery claims.

---

[3]Jamison also relies on three witness statements, signed more than three years after the shooting, that he submitted as "Newly Discovered Evidence – Possible Coverup by Defendants" with his opposition to summary judgment. Assuming *arguendo* those statements were properly before the district court in an admissible form, we conclude that they do not affect our analysis.

4

(a) Local Rule 7.1

As an initial point, Officers Davis and Metz argue that the district court was not required to credit the assertions contained in the verified complaint and witness affidavit because Jamison failed to comply with the dictates of Local Rule 7.1,[4] including that a party opposing summary judgment respond in matching numbered paragraphs with specific citations to the record. We disagree.

We accord a district court's interpretation and application of its own local rules substantial deference. *In re Kandekore*, 460 F.3d 276, 278 (2d Cir. 2006); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). "A local rule imposing a requirement of form," however, "must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed R. Civ. P. 83(a)(2).

---

[4]Northern District of New York Local Rule 7.1 provides:

> Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits. Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.
>
> The moving party shall also advise pro se litigants about the consequences of their failure to respond to a motion for summary judgment. See also L.R. 56.2.
>
> The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs. The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.

5

First, it is not evident that the district court discounted Jamison's assertions because of noncompliance with Local Rule 7.1. The district court noted Jamison's noncompliance, but stated that "[o]ut of an extension of special solicitude," it would "deem[] Plaintiff's denials that were properly supported by record evidence as denying those facts asserted by City Defendants as undisputed in their 'Statement of Material Facts Not In Dispute.'" *Jamison v Metz*, 865 F. Supp. 2d 204, 207 n.1 (N.D.N.Y. 2011). The court also stated, however, that "wherever Plaintiff has failed to cite record evidence in support of his denials of properly supported facts provided by either City Defendants or County Defendant, the Court [would] deem[] such facts admitted to the extent they [were] not clearly in dispute." *Id*. Lastly, the district court noted that "where a nonmoving party willfully fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute – even if the nonmoving party is proceeding *pro se*." *Id.* at 212.

Second, applying the standard set forth by the district court in its opinion, the verified complaint and Brown's affidavit were properly before the district court. *See* Fed. R. Civ. P. 56; *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e)."); *Franco v. Kelly*, 854 F.2d 584, 587 (2d Cir. 1988). The district court explicitly noted the version of events outlined in the verified complaint. While the district court indicated that it would accept as admitted the City Defendants' assertions that were not clearly in dispute, Jamison clearly disputed whether he was actively resisting when fired upon by Officers Metz and Davis. Moreover, there is no indication that Jamison's noncompliance was willful. Accordingly, Jamison's technical

6

noncompliance with Local Rule 7.1 does not furnish a basis to uphold an award of summary judgment where the district court was aware of the relevant record evidence and did not itself explicitly base its decision on that noncompliance.

(b) Fourth Amendment Claim

"The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). Under the Fourth Amendment's objective test, we consider the objective reasonableness of an officer's conduct in employing deadly force. We focus on "the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ [such] force," *Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996), and take into account "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether the suspect [was] actively resisting arrest or attempting to evade arrest by flight," *Hemphill v. Schott*, 141 F.3d 412, 417 (2d Cir. 1998) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "[A]n officer's decision to use deadly force is objectively reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 762 (2d Cir. 2003) (internal quotation marks and citation omitted).

Crediting Jamison's verified complaint and witness affidavit to the fullest extent possible, a genuine dispute exists as to whether Jamison had surrendered and was no longer a threat when Officers Davis and Metz employed deadly force. The verified complaint alleges that Jamison had "stopped" and was "in an act of surrendering" when, without warning, he was shot from behind. Brown's affidavit, submitted with the verified complaint, corroborates Jamison's version of events.

7

According to his affidavit, Brown "observed [Jamison] put his hand in the air to surrender," at which point a police officer fired on Jamison from behind. Brown also avers that "the police continued to shoot while [Jamison] was on the ground," that he never observed Jamison firing on the officers, and that he only witnessed Jamison "trying to surrender." Under this version of the events–and drawing all inferences in Jamison's favor–the officers lacked probable cause to believe that Jamison posed a serious threat to the officers or to others, and the decision to use force was not objectively reasonable. *See Cowan*, 352 F.3d at 762. Although other evidence in the record supports the officers' account, and a reasonable jury may well accept their version of events, the testimony of Jamison and Brown is sufficient to raise a genuine issue about whether a reasonable officer would have understood that Jamison was in the act of surrendering when he was shot. Because it is clearly established law that it is objectively unreasonable to use deadly force on a suspect who has fully surrendered, moreover, Officers Davis and Metz are also not entitled to qualified immunity at this stage. *See Hemphill*, 141 F.3d at 417 (holding that officer's "alleged decision to use potentially deadly force upon a suspect who stopped and raised his arms in the air when commanded to do so does not qualify as reasonable," even though suspect had committed "extremely violent" crimes); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (internal quotation marks and citations omitted)).

(c) Assault & Battery Claims

To prevail on his New York state civil battery claim against a police officer, Jamison must prove "that the officer made 'bodily contact, that the contact was offensive, [] that [the officer]

8

intended to make the contact'" and that the officer's conduct was not reasonable within the meaning of New York Penal Law 35.30(1), which outlines when a police officer's use of deadly force is justified. *Nimely v. City of New York*, 414 F.3d 381, 391 (2d Cir. 2005) (quoting *Laurie Marie M. v. Jeffrey T. M.*, 559 N.Y.S.2d 336 (2d Dep't 1990)). Under § 35.30(1), a police officer may use deadly physical force in making an arrest, preventing an escape, or defending himself or a third party to the extent he reasonably believes such force to be necessary if he also reasonably believes either: (1) the suspect committed or attempted to commit a felony involving the use of threatened imminent use of physical force against a person; (2) the person committed or attempted to commit a felony and in the course of resisting arrest, the person was armed with a firearm or deadly weapon; or (3) regardless of the offense, "the use of deadly physical force is necessary to defend the police officer . . . or another person from what the officer reasonably believes to be the use or imminent use of deadly physical force." N.Y. Penal Law § 35.30(1)(a); *see also Brunelle v. City of New York*, 702 N.Y.S.2d 648, 648-49 (2d Dep't 2000) (use of deadly force was justified where police officer fired, hitting hand of fellow officer who was "struggling with a machine-gun-wielding suspect").

Here, Officers Davis and Metz do not dispute that they intentionally made offensive bodily contact with Jamison, but contend that their use of force was justified because they "reasonably believe[d] that the use of deadly physical force was necessary to defend themselves or another person from [Jamison's] use or imminent use of deadly physical force." Appellees' Br. at 37-38. Accepting Jamison's version of the facts, the use of deadly force was not justified under § 35.30 because it is objectively unreasonable to fire upon a suspect who has surrendered and is no longer a threat. Accordingly, the district court's grant of summary judgment in favor of Officers Davis and Metz is vacated.

9

3. *Claim against Kevin Walsh*

Jamison's final claim is that Sheriff Kevin Walsh, as supervisor of the Justice Center, violated his constitutional rights by failing to provide him adequate medical care between his arrest on February 12, 2007 and his transfer to state custody following his guilty plea in May 2007. Because we agree with the district court that Jamison has failed to adduce admissible evidence showing that Walsh or any of his subordinates acted with deliberate indifference to Jamison's medical needs, we affirm the grant of summary judgment in Walsh's favor.

We evaluate a pre-trial detainee's claim of constitutionally inadequate care under the Due Process Clause of the Fourteenth Amendment, which provides protection at least as great as the protection the Eighth Amendment provides to convicted prisoners. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-45 (1983). To prevail on a claim, a detainee must prove: (1) that the deprivation was objectively sufficiently serious, such as a condition that may produce "death, degeneration, or extreme pain;" and (2) that the charged individual acted with deliberate indifference, which requires showing that the official knew of and disregarded an excessive risk to the plaintiff's health or safety. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (internal quotation marks and citation omitted).

Assuming *arguendo* that Jamison's injuries were sufficiently serious to implicate his due process rights, we agree with the district court that Jamison's claim still fails because he has not adduced any evidence demonstrating that Walsh, or any subordinate, was deliberately indifferent to his medical needs. Rather, Jamison's medical records thoroughly document that between February and May 2007 he received ongoing treatment for the injuries he suffered to his back, leg, and hand as a result of the shooting. Moreover, we find no merit in Jamison's argument that his

deliberate indifference claim is not ripe for review and that he should be afforded an opportunity to develop the factual record on remand. The record indicates that Jamison was properly informed of his obligation to "contradict [defendants'] assertions in affidavit form," J.A. at 244, and we decline to vacate the award of summary judgment absent any indication to the contrary. *Cf. Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988) (vacating summary judgment where parties conceded that *pro se* litigant was not informed of his duty to respond to defendants' summary judgment motion).

All arguments not otherwise discussed in this summary order are found to be moot or without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for proceedings consistent with this order.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

11