James Joseph CORSELLI,
Plaintiff–Appellant,

v.

Thomas A. COUGHLIN, III, James E. Sullivan, [Pedro] Berrios and Ronald G. Bolt, Defendants–Appellees.

No. 667, Docket 87–2088.

United States Court of Appeals,
Second Circuit.

Argued Jan. 26, 1988.

Decided March 15, 1988.

Thomas T. Tamlyn, Jr., (Carla A. Kerr on the briefs), New York City, for plaintiff-appellant.

Anne Ehrenkranz, New York City, Asst. Atty. Gen. of the State of N.Y. (Robert Abrams, Atty. Gen. of the State of N.Y., of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, and MESKILL and MAHONEY, Circuit Judges.

FEINBERG, Chief Judge:

Plaintiff James Joseph Corselli, an incarcerated state prisoner, appeals from an order of the United States District Court for the Southern District of New York, Thomas P. Griesa, J., granting defendants' motion for summary judgment and dismissing Corselli's complaint brought under 42 U.S. C. § 1983 that defendants have violated his constitutional rights. For the reasons set forth below, the judgment of the district court is reversed and the case is remanded for further proceedings.

## I. Background

In February 1985, Corselli filed a pro se complaint in the district court against defendants Thomas A. Coughlin, III, Commissioner of the New York State Department of Correctional Services, James E. Sullivan, Superintendent of Sing Sing Correctional Facility, Correction Sergeant Pedro Berrios and Correction Officer Ronald G. Bolt. Subsequently, Corselli submitted numerous additional papers as amendments to his complaint. In November 1985, apparently at the commendable suggestion of defendants in an attempt to bring about some sort of procedural order, Corselli submitted a consolidated amended complaint, accompanied by a motion for leave to file an amended complaint with further claims and additional defendants. Apparently, the motion for leave to amend was never acted upon by the district court and the additional defendants, who do not appear to have been served, are not parties to this appeal. Accordingly, our review is limited to the four named defendants and the claims asserted against them.

Corselli alleged in the district court, among other things, that in September 1983, while he was an inmate at Sing Sing, he had been punched from behind and knocked unconscious by Officer Bolt in the mess hall. Corselli also alleged that he had been subjected to brutally cold temperatures while confined to keeplock from late September 1983 through January 1984. Corselli further claimed that correctional officers Bolt and Berrios lied during the disciplinary hearing growing out of the mess hall incident and that they (and other unnamed officers) conspired to conceal the truth of that incident and pursued a policy of psychological and physical harassment in order to prevent Corselli from receiving adequate medical care and legal assistance, and to subject Corselli to unwarranted punishment and harassment by other inmates.

In May 1986, defendants moved to dismiss the complaint on the basis of Corselli's deposition, taken in July 1985, and the responses to interrogatories of Officers Bolt and Berrios. In January 1987, the district court granted the motion and dismissed Corselli's complaint. The judge recognized that there was a dispute about who was "at fault" in the mess-hall incident, but did not regard that as a significant issue because Corselli sustained only "a minor injury" and had received treatment by a nurse at the prison facility. Believing that the basic facts needed to dispose of this litigation were therefore undisputed, the judge held that Corselli had failed to make out a claim that he was subjected to cruel and unusual punishment under the Eighth Amendment or deprived of due process under the Fourteenth Amendment, citing

*Johnson v. Glick,* 481 F.2d 1028 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 224 (1973). Corselli filed a timely notice of appeal, and this court appointed counsel for him in September 1987.

## II. Discussion

Summary judgment is appropriate where there are no unresolved factual disputes as to issues material to the outcome of the litigation. *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11 (2d Cir.1986), cert. denied, — U.S. ——, 107 S.Ct. 1570, 94 L.Ed. 2d 762 (1987). The trial court's function on such a motion is to identify whether there are genuine issues of material fact that require resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In addition, under Fed.R.Civ.P. 56(e), where the movant has made a properly supported motion, the party opposing cannot simply rely upon the allegations or denials of his pleadings. The respondent must demonstrate sufficient evidence, specific facts, showing that there are genuine issues for trial. 106 S.Ct. 2505, 2510–11. With these principles in mind, we turn to the record of the proceedings in the district court.

*The Mess Hall Incident*

While the parties agree that an incident occurred in the mess hall at Sing Sing on September 9, 1983, in which Corselli was injured, the events immediately preceding and following his injury are in dispute. According to defendants: on that evening, Officer Bolt, who is black, ordered Corselli, who is white, to leave the mess hall because he had completed his meal. Although Corselli protested that he had not finished eating, Bolt repeated the order and Corselli responded, "Nigger, you are crazy." When Corselli rose from his chair, he threw a punch at Bolt, who restrained Corselli. Sergeant Berrios, who was also in the mess hall, heard Corselli's racial slur and saw him swing at Bolt. Sergeant Berrios assisted Bolt in restraining Corselli. After Berrios ordered Bolt to leave the mess hall, he and another unnamed officer escorted Corselli into the kitchen area be-cause Corselli's racial comment appeared to upset the other inmates in the dining hall, most of whom were black. Corselli, who had become dizzy and faint, was subsequently taken to the fourth-floor hospital. There, Corselli was examined and treated for a cut lip by a nurse. As a result of the mess hall confrontation, Corselli was subjected to a Superintendent's Hearing. Corselli was found guilty of assaulting Bolt and sentenced to 90 days keeplock.

In opposition to defendants' motion for summary judgment, Corselli's version of the incident, contained in papers submitted to the district court and in his deposition, differed sharply. Although Corselli admitted that he called Bolt a "nigger" and "crazy," he claimed that Bolt had called him a "guinea" and a "cracker ass" when Bolt ordered him out of the mess hall. He also claimed that Bolt and Berrios lied when they said Corselli threw a punch at Bolt. Corselli contended that he had stood up, turned away from Bolt and started to walk out of the mess hall when he was struck. Corselli further claimed that Bolt "sucker punched" him from behind and that he was knocked unconscious for approximately 15 minutes. Corselli asserted that Berrios then dragged him, unconscious, into the kitchen by the armpits, had him placed on a stretcher and taken to the fourth-floor hospital. Corselli regained consciousness in the hospital and claimed that he was dizzy and nauseous, suffering from a lacerated, bleeding lip, a swollen jaw, a cut on the head and blurred vision. He also contended that he confronted Bolt, who was standing at the nurse's station, about the sucker punch and that Bolt told Corselli: "If you don't get out of my face that's not all that's going to happen to you." Corselli further claimed that the nurse's treatment of his injuries was inadequate because he had a head injury, that X-rays of his head should have been taken and that he should have been admitted to the hospital for further evaluation. Finally, Corselli asserted that the disciplinary proceeding was unfair in various respects.

■ Despite the obvious factual conflicts in the record, the district judge granted

summary judgment for defendants. In this court, Corselli emphasizes these conflicts in urging us to reverse. Relying on *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986), defendants contend that we must accord "wide-ranging deference" to prison officials in matters of prison security. They also argue that Corselli must demonstrate an "unnecessary and wanton infliction of pain" to show a violation of the Eighth Amendment since pain that is caused by "inadvertence or error in good faith" does not amount to cruel and unusual punishment. 475 U.S. at 319, 106 S.Ct. at 1084. *Whitley* is distinguishable on the facts, since that case involved a full-scale prison riot and the incident here was far from that. Nevertheless, the test under *Whitley* applies, that is, "whether the [prison security] measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm.'" 475 U.S. at 320–21, 106 S.Ct. at 1085, citing Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

According to defendants, under both *Whitley* and *Glick*, Bolt acted reasonably when he applied some force to Corselli, in view of Corselli's refusal to obey his direct order, Corselli's racial slur and his equivocal conduct as he rose out of his seat. Defendants claim that given the inflammatory situation, with a white inmate making a racist comment to a black officer in a mess hall containing mostly black inmates who appeared upset at hearing the remark, Bolt had to maintain discipline with respect to Corselli. Defendants contend that Bolt's action was constitutionally acceptable because it was a one-time, quick application of force, made instantaneously, and a good faith effort to maintain discipline. Defendants further contend that even if Bolt made an error in judgment, there is no constitutional violation because such "arguable" error falls "far short of a showing there was no plausible basis for the officials' belief that this degree of force was neces-

sary." *Whitley*, 475 U.S. at 323, 106 S.Ct. at 1086.

■ Defendants also argue that the district court correctly looked at the extent of Corselli's injury, a cut on the lip, and found it to be minor. According to defendants, because the injury was minor, the court appropriately inferred that Bolt's use of force was correspondingly minor.

We recognize that a trier of fact may eventually find that because of a possibly inflammatory situation, the use of force here was neither "unnecessary" nor "wanton." Nevertheless, the district court should not have denied Corselli the opportunity to persuade the trier of fact to the contrary. On the record before us, including Corselli's exhibits, affidavits and deposition, he has raised genuine issues of material facts.

The district court essentially decided that even if Corselli was knocked unconscious without reasonable justification, his injuries were not severe enough to raise a legally cognizable constitutional claim. This was error on a number of counts. Under *Glick*, the court had to assess such factors as "the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." 481 F.2d at 1033. Thus, the extent of injury is but one of the factors to be considered. Even if the injuries suffered "were not permanent or severe," a plaintiff may still recover if "the force used was unreasonable and excessive." *Robinson v. Via*, 821 F.2d 913, 924 (2d Cir.1987). Therefore, the court's belief that the dispute as to "fault" was immaterial was wrong. The circumstances of the incident and assessment of fault bore directly on the issue of whether the force used was excessive. Moreover, given the conflicting evidence, the district court should not have reached a finding concerning the extent of injury. Robinson, 821 F.2d at 924. The resolution of that issue must also be left to the ultimate trier of

fact. Under the circumstances of this case, a jury could find for Corselli if it believed Corselli's allegations that Bolt started an argument with him, whether or not it was racially charged, and then struck Corselli without justification. The jury could also find for Corselli even if he had refused to obey Bolt's order to leave if Bolt had used gratuitous or excessive force against Corselli. See *Martinez v. Rosado*, 614 F.2d 829, 831 (2d Cir.1980) (per curiam).

*Exposure to Excessive Cold*

 The district court held that Corselli had not made out a claim of constitutional deprivation based upon his exposure to the cold. However, Corselli claims that he was deliberately exposed to bitterly cold temperatures for approximately three months in the fall and winter of 1983–84 when the large window frames in his cell block were empty and correction officers made things worse by tearing down plastic sheeting partially covering the frames. Corselli submitted to the district court climate data charts that demonstrated that temperatures in the Sing Sing environs were in the subfreezing range for most of that period. Corselli further asserted at his deposition that "it was so cold ... there was ice in the toilet bowl." Defendants argue, as the district court found, that the provision by prison authorities of an extra blanket and a nurse's station for inmates who became ill was adequate to deal with the cold condition in Corselli's cell block. Corselli responds that the provision of an additional blanket by prison officials was inadequate to keep him warm and that he became ill for more than a month with a cold, fever and cramps in his stomach, arms and legs.

In *Wright v. McMann*, 387 F.2d 519 (2d Cir.1967), we held that deliberate exposure of inmates by prison authorities to bitter cold while in solitary confinement would be evidence of cruel and unusual punishment. We said that "standards of humane decency simply do not permit a man for a substantial period of time to be denuded and exposed to the bitter cold of winter in northern New York State...." 387 F.2d at 526. While Corselli was not subjected to the same conditions as was the prisoner in *Wright*—for example, Corselli had at least a blanket—this claim must also be resolved by the trier of fact.

### III. Remaining Claims

The district court also dismissed Corselli's remaining claims, including lack of medical care, and harassment and abuse. We believe that the district court did not err in doing so since Corselli did not allege sufficient injury or violation of his constitutional rights to amount to actionable claims. Evidence with regard to these claims may still, of course, be admissible to show the intent of defendants with regard to the two main claims discussed above. Accordingly, we reverse the judgment of the district court and remand for further proceedings on those two claims consistent with this opinion. We assume that Corselli's counsel on appeal will continue to represent him in the district court.