**Richard MEYER, as custodian for Pamela Meyer, Plaintiff,**

v.

**OPPENHEIMER MANAGEMENT CORP., Oppenheimer Asset Management Corp., Oppenheimer & Co., Oppenheimer Holdings, Inc., A.G. Edwards & Sons, Inc., Thomson McKinnon Securities, Inc., J.C. Bradford & Co., Bateman Eichler, Hill & Richards, Inc., Centennial Capital Corp., and Daily Cash Accumulation Funds, Inc., Defendants.**

No. 82 Civ. 2120 (RWS).

United States District Court,
S.D. New York.

Jan. 31, 1989.

Mordecai Rosenfeld, New York City, for plaintiff.

Pollack & Kaminsky, New York City, for defendants; Daniel A. Pollack, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Richard Meyer as custodian for Pamela Meyer ("Meyer") has moved under 28 U.S.C. § 455(a) to disqualify me from determining the final issue presented by Meyer's complaint against Oppenheimer Management Corp., Oppenheimer Asset Management Corp., Oppenheimer & Co., Oppenheimer Holdings, Inc. (collectively "Oppenheimer"), A.G. Edwards & Sons, Inc. ("Edwards"), Thomson McKinnon Securities, Inc. ("Thomson McKinnon"), J.C. Bradford & Co. ("Bradford"), Bateman Eichler, Hill & Richards, Inc. ("Hill Richards"), Centennial Capital Corp. ("Centennial"), and Daily Cash Accumulation Fund, Inc. (the "Fund"). In addition, Meyer has moved pursuant to Fed.R.Civ.P. 26 to enforce his discovery demands. The defendants have cross-moved to dismiss the complaint under Fed.R.Civ.P. 56. For the reasons set forth below, the motions are denied.

*Prior Proceedings*

In an opinion of July 5, 1988, *Meyer v. Oppenheimer Management Corp.*, 707 F.Supp. 1394 (1988), Meyer's complaint was dismissed, including his claim that the defendants had violated § 36(b) of the Investment Company Act of 1940. The complexity and difficulty of the issues presented is evidenced by the prior opinions of this court, the Honorable Abraham D. Sofaer, then sitting as a United States District Court Judge for the Southern District of New York, and the Court of Appeals for the Second Circuit, all of which are described in the decision reported. Familiarity with those opinions is assumed.

What was overlooked was that counsel had stipulated to reserve the remanded § 36(b) claim from the resolution of the issues decided in July 1988. When this reservation was pointed out, an amended opinion was filed on July 15, 1988 which stated:

[I]n light of the parties' stipulation that the issue of fairness under section 36(b) of the Investment Company Act be reserved for later resolution, the portion of the Opinion relating to § 36(b) is dicta.

Based on these events, Meyer appropriately moved for disqualification, as well as for discovery, and that motion was submitted November 11, 1988. The defendants moved for summary judgment dismissing the § 36(b) claim, and that motion was submitted on January 17, 1989.

*Dicta as Grounds for Disqualification*

Meyer has urged that the disqualification statute, 28 U.S.C. § 455(a), seeks to promote confidence in the courts by avoiding even the appearance of partiality, citing authorities, and the argument as a general proposition is without cavil.

██ Here on an inadequate record, the court reached a decision which was then withdrawn, reducing its determination to dicta, if not withdrawn error. The Second Circuit has established that only extrajudicial bias warrants disqualification. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1314 (2d Cir.1988); *United States v. Pugliese*, 805 F.2d 1117, 1125 (2d Cir.1986); *In re International Business Machines Corp.*, 618 F.2d 923, 928–29 (2d Cir.1980); *King v. United States*, 576 F.2d 432, 437 (2d Cir.), *cert. denied*, 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir.1976).

In *King*, for example, the Court held:

The grounds urged for disqualification are for the most part rulings made by [the judge] during the trial or statements made by him in the course of his judicial duties.... Nothing of this kind, what the judge has learned from or done in the proceedings before him, is any basis for disqualification; to be sufficient for disqualification *the alleged bias or prejudice must be from an extrajudicial source.* [Citations omitted].

576 F.2d at 437 (emphasis added).

██ Dictum based on evidence or the absence of evidence adduced at trial is not extrajudicial and therefore cannot establish

disqualifying bias. The facts here are complicated, the relationships intricate. Recusal would burden yet another member of the court and is an unwarranted action to correct an inadvertence. Recusal, therefore, is not required.

### The Discovery Motions

It is presently understood that all the requested material, whether by Meyer or the defendants, has been supplied. The motions relating to discovery, therefore, are denied.

### The Standard for Summary Judgment

Summary judgment is authorized if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party bears the burden of proving that no genuine issue of material fact exists. *See id.* at 247–48, 106 S.Ct. at 2509–10; *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir.1988). All doubts are resolved against the moving party, and all favorable inferences are drawn in favor of the party against whom summary judgment is sought. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985), *cert. denied,* — U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1988); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (1983). The Supreme Court recently has made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### The Section 36(b) Claim

The defendants have moved for summary judgment on the § 36(b) claim, arguing that the principles of law of the case and res judicata bar this claim. According to the defendants, because this court found the 12b–1 payments to be fair and Judge Sofaer found the advisory fee to be fair, the two payments aggregated must be fair in compliance with § 36(b).

However, the defendants cannot rely on this court's July 5, 1988 opinion to defeat the § 36(b) claim. Because the parties had reserved this issue, this court received no evidence for assessing fairness. The July 20, 1988 Amended Judgment indicated:

> ORDERED, ADJUDGED AND DECREED: That the Amended Complaint except for the claim that the 12b–1 payments, when added to the advisory fee payments, constitute "excessive compensation" in breach of § 36(b) of the Investment Company Act of 1940, which issue was reserved by agreement of the parties for later determination, as supplemented by Plaintiff's Amended Proposed Pre–Trial Order, be and it hereby is dismissed on the merits. . . .

A genuine issue of material fact remains to be tried. Meyer has submitted Bases For Plaintiff's Allegations Re Section 36(b), which defendants dispute. Resolution of this issue should be left for trial.

### Conclusion

For the reasons set forth, all motions are denied.

It is so ordered.