Charles JOHNSON, Plaintiff,

v.

New York City Police Officer Kevin DO-HERTY, Shield # 4478, New York Police Officer Thomas Holihan, Shield # 9061, John Does, New York City Police Officers, Defendants.

No. 87 Civ. 6575 (RWS).

United States District Court,
S.D. New York.

April 14, 1989.

James I. Meyerson, New York City, for plaintiff.

Peter L. Zimroth, Corp. Counsel, New York City, for defendants; John P. Woods,

Lisa A. Miller, Asst. Corp. Counsel, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Charles Johnson ("Johnson") sued Police Officer Kevin Doherty ("Doherty") and Police Officer Thomas Holihan ("Holihan") to recover damages for false arrest, malicious prosecution, assault, battery, and injury arising out of an alleged assault. Officers Doherty and Holihan have moved for partial summary judgment dismissing the excessive force and assault and battery claims. For the reasons set forth below, the defendants' motion is denied.

### The Parties

Johnson is a Black American citizen and a resident of New York City. Doherty and Holihan are Caucasian members of the New York City Police Department.

### The Facts

On February 14, 1987, Johnson, then a homeless person, participated in a march and demonstration on behalf of the homeless at 42nd Street and 2nd Avenue at 12:30 in the afternoon. Johnson alleges that the Coalition for the Homeless had obtained a permit authorizing the march and that its purpose was to publicize the plight of the homeless.

Johnson contends that, without provocation, the police officers singled him out of the crowd and assaulted and struck him at least twice in the chest with a night stick and that the attack was intentional and excessive. The defendants offer no evidence as to any provocation or justification of the assault. Johnson contends that he was hit hard, although he sustained no lasting physical injury or bruises as a result. Johnson admits that the only physical pain he suffered during the incident involved "momentary" pain that lasted about "a second." Johnson also concedes that the physical injury he suffered was "not permanent in nature; and, in terms of duration and extent, limited and, therefore, not severe [in that context]."

Johnson noted that he was in a defensive position during the alleged assault to protect himself "from blows that were raining down on [him]" and that as a result he did not have an independent recollection of specific other blows striking him and causing pain. As a result, Johnson claims he suffered another type of injury: "I was in fear of my life." He alleges that this fear caused him severe emotional trauma both during the incident and for a while thereafter.

Following the incident, Johnson was arrested, detained and imprisoned, and charged with assault on a police officer, resisting arrest, and disorderly conduct. After two days in jail, he was arraigned and then released. Ultimately all of the charges against him were dropped. Johnson subsequently brought the current action.

### Prior Proceedings

Johnson sued Holihan and Doherty to recover damages, alleging a violation of his constitutional rights under 28 U.S.C. § 1331 and § 1343(3) and (4) and 42 U.S.C. § 1981 and § 1983 and the First and Fourteenth Amendments to the United States Constitution. On July 12, Johnson amended his complaint. On January 4, 1989, defendants brought the current motion. Oral argument was heard, and this motion was considered fully submitted on January 20, 1989.

### Standard for Summary Judgment

Summary judgment is authorized if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *See id.* at 247–48, 106 S.Ct. at 2509–2510; *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir.1988). All doubts are resolved against the moving party, and all favorable inferences are

drawn in favor of the party against whom summary judgment is sought. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985), *cert. denied*, — U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1988); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (1983). The Supreme Court recently has made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–2511, 91 L.Ed.2d 202 (1986).

### Unreasonable and Excessive Use of Force

■ A law enforcement officer's excessive use of force against an individual violates the victim's due process rights, *see Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952); *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir.1973), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973), and supports a § 1983 claim for damages. *See Robison v. Via*, 821 F.2d 913 (2d Cir.1987); *Bellows v. Dainack*, 555 F.2d 1105 (2d Cir.1977). In assessing a claim's validity, a court should consider both the nature of the injury and whether the force causing the injury was unreasonable and excessive. *See Robison*, 821 F.2d at 924.

■ The fact that an injury is neither permanent nor severe or that the victim required no medical treatment is not fatal to a § 1983 claim. *See id.* Rather, when faced with an incident involving a minor injury, a court should assess whether the force used was unreasonable and excessive. *See id.* The court may not assume that, because the injury was minor, the force used must also have been minor. *See Corselli v. Coughlin*, 842 F.2d 23, 26 (2d Cir. 1988). Instead, the court must consider the context in which the incident occurred and any signs of provocation. *See id.* at 26–27. As the Second Circuit has noted, "[t]he circumstances of the incident and assessment of fault [bear] directly on the issue of whether the force used [is] excessive." *Id.* at 26.

Two Second Circuit cases illustrate the relatively low threshold a plaintiff must meet to sustain a § 1983 claim for a law enforcement officer's excessive use of force. In *Robison*, the plaintiff alleged that the police officer had pinned her against her car, twisted her arm behind her back, and pried her fingers back, causing bruises on her wrists as well as bruises on her hips that lasted approximately two weeks. She conceded that her injuries required no medical care. The parties offered conflicting accounts regarding provocation, although it appears that the plaintiff was quite agitated at the time of the incident. The Court ruled that "assertions such as these are sufficient to prevent the summary dismissal of a § 1983 claim for excessive force." 821 F.2d at 924.

In *Bellows v. Dainack*, 555 F.2d 1105 (2d Cir.1977), the police had arrested the plaintiff for public intoxication. The plaintiff alleged that the officers had twisted his arm and pushed him into the back seat of the patrol car. The officer in the passenger side of the car then reached behind him, pulled the plaintiff by the scruff of the neck, and struck the plaintiff in the ribs. Despite the fact that the plaintiff required no medical treatment and suffered no lasting injury, the Court recognized the validity of his § 1983 claim.

Johnson's claims in this case are not sufficiently distinguishable from *Robison* and *Bellows* to warrant summary judgment dismissing his complaint. As in both those cases, Johnson's physical injuries appear to be minor. Although the officers allegedly punched him and struck him twice in the chest with a night stick, he felt only "momentary" pain lasting about "a second," required no medical treatment, and suffered no lasting bruises. However, that does not end the inquiry—as the *Robison* Court observed, "[i]f the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted

were not permanent or severe." 821 F.2d at 924.

█ A factual issue remains regarding whether the force at issue here was unreasonable and excessive. The context—a public march and demonstration—may justify the use of force if the need to preserve order and protect the public compelled the police to use force. The force also might be reasonable if Johnson provoked the officers and necessitated the use of force. According to Johnson, however, the officers, without provocation, singled him out of the crowd to assault him. The defendants at this stage offer no evidence that Johnson provoked the attack or that their actions otherwise were justified.

*Conclusion*

For the reasons set forth above, the defendants' motion for partial summary judgment is denied. Discovery will be completed by June 28, 1989 and the Pretrial Order filed by July 5, 1989.

It is so ordered.