99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jitendra LAKRAM, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III, Commissioner of Corrections;
George J. Bartlett; Rupert Fennell, Deputy Superintendent
of Security of Elmira Correctional Facility; Timothy J.
Passmore, Correction Officer; Lloyd S. Mapp, Sergeant;
Louis Kordyl, Review Officer-Lieutenant; C.R. Homrighouse;
Chasteen; John Doe Central Office Movement Control
Personnel; Reed, Correctional Officer; 2 Unknown
Correctional Officers; and Unknown Official, Defendants-Appellees.
 No. 95-2175.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: Jitendra Lakram, pro se, Great Meadow Correctional Facility, Comstock, NY.
 Appearing for Appellees: Dennis C. Vacco, Attorney General of the State of New York, Albany, NY.
 W.D.N.Y.
 AFFIRMED.
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was submitted.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Present: WINTER, WALKER, JR., CABRANES, Circuit Judges.
 
 
 1
 Jitendra Lakram, a New York State prisoner, appeals pro se from Judge Skretny's decision denying his motion for a temporary restraining order and granting summary judgment for the defendants, various correctional officers. Because the purpose of his motion for injunctive relief was release from "keeplock," which has occurred, that issue is moot. We therefore address only the appeal from the grant of summary judgment.
 
 
 2
 Lakram alleges that in November 1992 he asked two officers at the Elmira Correctional Facility's law library for a 48-cent disbursement form so he could make copies. When the officers informed him that this request was against prison procedures, Lakram asked the officers for their names and informed them that he would be filing a grievance. The officers complied and asked Lakram for his identification card, which he could not produce.
 
 
 3
 Several days later Lakram received a misbehavior report charging him with threatening a corrections officer, improperly requesting goods or services from another person, and failing to carry his identification card all in violation of prison regulations. Pending the disciplinary hearing on these charges, Department officials confined Lakram to his cell ("keeplock") for seven days. Upon commencement of the hearing, the Department's deputy superintendent dismissed the charges and ordered Lakram released from "keeplock." In February 1993, Lakram and five other inmates were transferred from the Elmira Correctional Facility to the Auburn Correctional Facility as part of an effort to create more cell space at the Elmira "hub" facility. Within a month, Lakram was transferred back to Elmira because of a "medical hold." Correctional officers claim that Lakram's initial transfer to Auburn was simply a mistake.
 
 
 4
 Lakram filed this action pursuant to 42 U.S.C. § 1983 alleging that he was detained in "keeplock" and transferred to Auburn in retaliation for exercising his First Amendment rights. Lakram further alleges that putting him in prehearing "keeplock" for six days violated his due process rights and that, due to his medical condition, the transfer to Auburn constituted "cruel and unusual punishment" under the Eighth Amendment.
 
 
 5
 Lakram is correct that confining a prisoner in retaliation for the exercise of constitutional rights is actionable under Section 1983. See Franco v. Kelly, 854 F.2d 584, 589-90 (2d Cir.1988). Here, however, the asserted reason for placing Lakram in "keeplock" was his failure to produce identification, and Lakram does not dispute that he failed to produce his I.D. card, a violation of prison policy. Lakram thus can demonstrate only that his confinement was motivated by both proper and improper reasons. Where motives are mixed, a plaintiff's claim fails where prison officials would have disciplined the prisoner irrespective of the allegedly unconstitutional motivation. Lowrance v. Achtyl, 20 F.3d 529, 535 (2d Cir.1994). Because failure to carry an I.D. card warrants "keeplock" procedure, appellees' actions are, therefore, not actionable under Section 1983.
 
 
 6
 Lakram's claim that he was transferred to Auburn in retaliation for complaining about his treatment at Elmira also lacks merit. The Department asserts that it transferred the inmates as part of a measure to create more "hub" cell space. Lakram does not challenge this assertion. Although correctional officials now concede that Lakram's transfer was a mistake, a mistake is insufficient to support a claim of retaliation. Majid v. Henderson, 533 F.Supp. 1257, 1270 (N.D.N.Y.) (inmate bears the burden of demonstrating that he would not have been transferred but for the exercise of the constitutional right), aff'd, 714 F.2d 115 (2d Cir.1982).
 
 
 7
 We need not decide whether Lakram's relegation to "keeplock" for seven days pending his hearing violated the Fourteenth Amendment's due process guarantee because, even if it did, the defendants are nevertheless protected by qualified immunity. See Lennon v. Miller, 66 F.3d 416 (2d Cir.1995) (even where defendant's actions violate a clearly established right, qualified immunity can still apply if defendant was objectively reasonable in believing his actions to be lawful); Warren v. Dwyer, 906 F.2d 70, 74 (2d Cir.), cert. denied, 498 U.S. 967 (1990)(same).
 
 
 8
 We have previously held that due process is violated only when an opportunity to be heard is not provided within a reasonable time of the commencement of administrative segregation. Rodriguez v. Phillips, 66 F.3d 470, 480 (2d Cir.1995). The reasonableness of the time after imposition of "keeplock" in which disciplinary action occurs is determined on a case-by-case, fact-specific basis. See Russell v. Coughlin, 910 F.2d 75, 79 (2d Cir.1990) (no precise time period within which state officials must act); see also Hewitt v. Helms, 459 U.S. 460 (1983) (five-day period between placement in administrative segregation and hearing is reasonable); Rodriguez, 66 F.3d at 481 (qualified immunity granted where inmate who had been given notice of charges against him was confined for three days prior to hearing); Matiyn v. Henderson, 841 F.2d 31, 36 (2d Cir.), cert. denied, 487 U.S. 1220 (1988) (four-day confinement unreasonable where inmate "received no process whatsoever"). Lakram was given notice of the charges against him and confined for seven days. In light of the caselaw, it was objectively reasonable for appellees to believe that their actions were permissible. They are thus entitled to qualified immunity.
 
 
 9
 We therefore affirm.