101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. WILLIAMS, Plaintiff-Appellant,
v.
Anthony RAMOS, Defendant-Appellee.
 No. 96-1663.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1996.*
Decided Oct. 25, 1996.
 
 Before BAUER, FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 James Earl Williams brought suit under 42 U.S.C. § 1983 against Anthony Ramos, superintendent of Unit I in Stateville Prison, alleging violations of his Eighth Amendment right to adequate shelter. The district court granted summary judgment to Ramos, and Williams appeals. We affirm.
 
 
 2
 Williams resided in Stateville segregation cell I3G10 between November 1993 and March 1994. During that time, he alleges, the prison failed to provide sufficient heat to his cell; cold air emerged from the ventilation system, and ice formed on the inside window ledge. Though Williams complained repeatedly in writing to Ramos, the temperature was only altered occasionally and temporarily. Ramos contended that the ventilation system automatically shuts down in case of fire to prevent smoke from filtering throughout the prison, and several fires were lit by inmates during this period.
 
 
 3
 It was undisputed that the prison offered plastic to cover windows and extra blankets to help inmates combat the cold. Williams acknowledged that he did not request blankets because he had skin and respiratory allergies to wool. Such an allergy had been medically documented at Williams's previous prison, Menard, but medical personnel at Stateville determined that Williams's allergy had disappeared. Thus, there was no medical restriction against Williams using wool blankets at Stateville.
 
 
 4
 Under the Eighth Amendment, prison officials must maintain "humane conditions of confinement," including adequate shelter. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). A prisoner alleging unconstitutional conditions of confinement must show that the alleged deprivation is sufficiently severe and that prison officials acted with deliberate indifference toward the prisoner's safety. Id. at 1977.
 
 
 5
 The Eighth Amendment protects prisoners from being subjected to extremely cold temperatures. Antonelli v. Sheahan, 81 F.3d 1422, 1433 (7th Cir.1996); Murphy v. Walker, 51 F.3d 714, 720-21 (7th Cir.1995) (per curiam); Henderson v. DeRobertis, 940 F.2d 1055, 1059 (7th Cir.1991), cert. denied, 503 U.S. 966 (1992). Taking the facts as alleged by Williams, the cell was abnormally cold and the heating system was either inoperable or emitted cold air, which may state a claim of deprivation. See Antonelli, 81 F.3d at 1433; Henderson, 940 F.2d at 1060. It is uncertain, however, whether the deprivation was sufficiently serious, given that alternative means of warmth were provided. Cf. Wilson v. Seiter, 501 U.S. 294, 304 (1991) (observing "a low cell temperature at night combined with a failure to issue blankets" may constitute an Eighth Amendment violation) (emphasis added).
 
 
 6
 Assuming the alleged deprivation was sufficiently serious, Williams must also show deliberate indifference on the part of Ramos. Williams asserts that he complained to Ramos, fulfilling the personal knowledge requirement (the record indicates that Ramos, as the unit supervisor, was the proper person to contact). Williams's claim must still fail, however, because the prison administration offered alternative ways for prisoners to protect themselves from the cold. Such action does not comport with "deliberate indifference." See, e.g., Del Raine v. Williford, 32 F.3d 1024, 1036 (7th Cir.1994); Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir.) ("Similarly, accepting Strickler's allegation that the cell temperatures at Portsmouth were at times less than ideal, the inmates received blankets when the jail became uncomfortably cold, and the jail was equipped with fans when the temperatures were hot. (We note that such actions belie the type of 'unnecessary and wanton' infliction of pain proscribed by [the Eighth Amendment].)."), cert. denied, 510 U.S. 949 (1993); cf. Corselli v. Coughlin, 842 F.2d 23, 27 (2d Cir.1988) (prisoner may proceed on claim that he was deliberately exposed to bitterly cold temperatures for three months where his window frame was empty and correctional officers tore down plastic sheets partially covering the frame).
 
 
 7
 Williams does not allege that no blankets would have been given to him; rather, he admits that he never asked for any, because he was afraid of suffering an allergic reaction to the wool state-issued blankets. Stateville medical personnel, however, had determined that he did not suffer from any such allergy, and thus Ramos cannot be imputed with the knowledge that Williams would not request or accept wool blankets. As the district court noted, if the blankets would have been useless Williams's refusal to ask for them would not eviscerate his claim, but here there is no indication that the blankets would not have served to keep him warm. Williams simply chose the cold over the blankets. Cf. Williams v. Ramos, 71 F.3d 1246, 1250-51 (7th Cir.1995) (per curiam) (giving Williams a choice between an upper bunk in his preferred location or a medically-required lower bunk in segregation unit was not cruel and unusual punishment).
 
 
 8
 Williams relies heavily on Henderson v. DeRobertis, 940 F.2d at 1060, in which this court held that "reasonable jurors could have found that the defendants' conduct in leaving Henderson and Jefferson exposed to temperatures below freezing for four days without affording them any protection beyond that usually provided when the heating system functioned properly, constituted deliberate indifference to their eighth amendment rights." In Henderson, however, the defendant prison officials did not ensure that prisoners were provided with temporary or alternate means of protection: prisoners were not permitted to bring any extra clothing when transferred to the unit, the plaintiffs were not issued blankets, and the cells had broken windows that admitted frigid air. To the contrary, here Williams had alternative means of warmth available to him.
 
 
 9
 Under these circumstances we cannot find that Ramos was deliberately indifferent to Williams's welfare, and thus the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)