08-0948-cv
First Unum Life Ins. Co. v. Wulah

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                    *Circuit Judges*,
         JOHN GLEESON,
                    *District Judge*.[*]

————————————————————————————————————————————————

FIRST UNUM LIFE INSURANCE COMPANY,

                    *Plaintiff-Appellee*,

         - v. -                              (08-0948-cv)

TEAH WULAH,

                    *Defendant-Appellant*.[**]

————————————————————————————————————————————————

---

[*]  The Honorable John Gleeson, United States District Court for the Eastern District of New York, sitting by designation.

[**]  The Clerk of the Court is respectfully directed to amend the official caption of this action to conform to the caption of this summary order.

For Appellant:     TEAH WULAH, *pro se*, Bronx, New York.

For Appellee:      LOUIS P. DIGIAIMO (Randi F. Knepper, *of counsel*; Mee Sun Choi, *on the brief*), McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Francis, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 8, 2007 order of the United States District Court for the Southern District of New York is **REVERSED** and **REMANDED.**

Appellee First Unum Life Insurance Company ("First Unum") commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and state law, seeking to recover long-term disability benefits that it paid to appellant Teah Wulah.  The parties consented to have the matter resolved before a magistrate judge of the Southern District of New York (Francis, J.), *see* 28 U.S.C. § 636(c), who granted summary judgment in favor of First Unum.  Wulah — who has proceeded as a *pro se* litigant since the inception of the action — appeals.  We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On June 1, 2007, the magistrate judge entered a scheduling order that directed: First Unum to file a motion for summary judgment by June 29, 2007, appellant to "answer" any such motion by July 31, 2007, and First Unum to submit a reply by August 15, 2007. First Unum filed its motion for summary judgment as directed, along with a "Statement of Material Uncontested Facts" pursuant to S.D.N.Y. Local Rule 56.1. However, there is no indication in the appellate record that First Unum submitted a "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" pursuant to S.D.N.Y. Local Rule 56.2.[1] Appellant responded to First Unum's motion for summary judgment with an August 6, 2007 submission that was, according to the magistrate judge, "styled as an Answer."

The magistrate judge granted the motion for summary judgment on October 8, 2007. With respect to First Unum's claim for repayment of benefits pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), the magistrate judge rejected

---

[1] S.D.N.Y. Local Rule 56.2 states:

> Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" in the form indicated [by the Local Rules]. Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

S.D.N.Y. R. 56.2, *available at* http://www1.nysd.uscourts.gov/courtrules.php.

appellant's argument that he was unaware of the provisions of First Unum's ERISA Plan. In doing so, he assumed that First Unum had not provided a Summary Plan Description document, but reasoned that appellant had "offer[ed] no evidence" that he was prejudiced by that omission. Because of the procedural posture of the case, this was error.

"[I]t is not 'obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.'" *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999) (quoting *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)). Based on that practical reality, we have reversed a decision granting summary judgment where neither the district court nor the movant provided a *pro se* litigant with advance, "explicit notice" regarding "the nature and consequences of a summary judgment motion," and where the *pro se* litigant did not appear to understand the potentially adverse result of the motion. *Id.* at 621.

The principles articulated in *Vital* require reversal here as well. First, there is no indication in the record that either First Unum or the magistrate judge provided any notice to appellant of the nature of summary judgment or the

4

standards by which the motion would be resolved.  Second, the record suggests that appellant was hewing carefully to the terms of the magistrate judge's instructions:  the June 1, 2007 scheduling order called for an "answer" to First Unum's motion, and appellant's submission (although late) was titled as such.  Appellant did not, however, submit any affidavits or sworn materials, which might have indicated that he understood more fully the legal requirements that applied to the motion that he was opposing.  *See id.* Finally, the failure to comply with *Vital* and S.D.N.Y. Local Rule 56.2 was exacerbated when the magistrate judge faulted appellant for failing to adduce evidence in support of his contentions.  Collectively, these circumstances require reversal.

Accordingly, the magistrate judge's October 8, 2007 order is hereby **REVERSED** and the case is **REMANDED** for proceedings consistent with this order.  We of course express no view as to the merits of either party's claims, which remain to be resolved in the district court.

                                        For the Court
                                        Catherine O'Hagan Wolfe, Clerk

5