First Unum Life Ins. Co. v. Wulah

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

PRESENT:
>
> Robert A. Katzmann,
> Barrington D. Parker,
> Richard C. Wesley,
> *Circuit Judges.*

——————————————————————————————————

First Unum Life Insurance Company,

      *Plaintiff-Counter Claimant-Counter Defendant-Appellee*,

      v.                           10-3786

Teah Wulah,

      *Defendant-Counter Claimant-Counter Defendant-Appellant.*

——————————————————————————————————

FOR PLAINTIFF-APPELLEE:      Louis DiGiaimo, Of Counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, NJ.

FOR DEFENDANT -APPELLANT:      Teah Wulah, *pro se*, Bronx, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Francis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED** in part.

Defendant-Appellant Teah Wulah, proceeding *pro se*, appeals from the district court's judgment (1) granting the summary judgment motion of Plaintiff-Appellee First Unum Life Insurance Company ("First Unum") in its action for reimbursement of disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*; and (2) denying Wulah's motion for summary judgment on his counterclaim against First Unum for the payment of withheld disability benefits under ERISA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, we must consider whether First Unum's claim has been rendered moot by Wulah's recent bankruptcy discharge. "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed" as moot. *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). Here, Wulah was granted a discharge in Chapter 7 bankruptcy proceedings during the pendency of the appeal. The parties appear to agree that the intervening event has rendered this portion of Wulah's appeal moot. Indeed, the discharge appears to encompass the monetary judgment that First Unum obtained against him in this case given that none of the exceptions to dischargeability seem to apply to First Unum's award. *See* 11 U.S.C. § 523(a) (listing debts excepted from a bankruptcy discharge); 11 U.S.C. § 524(a) (providing that a bankruptcy *discharge* "voids any judgment at any time obtained, to the extent

that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under [Chapter 7 of the Bankruptcy Code]"). Accordingly, Wulah's appeal from this portion of the judgment is moot.

With respect to Wulah's appeal from the portion of judgment denying his motion for summary judgment on his counterclaim, we affirm for substantially the same reasons as those stated by the magistrate judge in his thorough and well-reasoned decision.[1] Even if Wulah never received a summary plan description ("SPD") from First Unum, as required by ERISA, the magistrate judge correctly determined that Wulah provided no evidence to show that he was likely prejudiced by his purported lack of an SPD. *See Weinreb v. Hospital for Joint Diseases Orthopaedic Institute*, 404 F.3d 167, 171 (2d Cir. 2005) ("[A]n ERISA claim premised on the complete absence of an SPD . . . requires a showing of likely prejudice."). In fact, Wulah failed to present *any* evidence of prejudice despite our specific statement on a prior appeal that Wulah would be given a chance to present evidence on remand. *First Unum Ins. Co. v. Wulah*, 364 F. App'x 673, 674 (2d Cir. 2010) (summary order).

We have considered Wulah's remaining arguments and find them to be without merit. Therefore, the appeal is **DISMISSED** in part and the judgment is **AFFIRMED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The magistrate judge decided this case with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

3